UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSICA SEYLER, | : | |
| Plaintiff | : | CIVIL ACTION NO. 4:21-581 |
| v. | : | (JUDGE MANNION) |
| KILOLO KIJAKAZI, Commissioner of Social Security, | : | |
| | : | |
| Defendant | : | |

# O R D E R

Pending before the court is the June 24, 2022 Report of Magistrate Judge Arbuckle, which recommends that the decision of the Commissioner of Social Security denying the plaintiff's claim for disability insurance benefits under Title II of the Social Security Act be affirmed, and the plaintiff's appeal be denied. (Doc. 20). The plaintiff has filed timely objections to the report, (Doc. 21), to which the Commissioner has responded, (Doc. 22).[1]

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v.

---

[1] As Acting Commissioner of Social Security, under Fed.R.Civ.P. 25(d), Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this case.

Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The plaintiff Jessica Seyler seeks judicial review of the Commissioner of the Social Security Administration's final decision finding that she was not disabled commencing on her alleged onset disability date of October 18, 2018, due to the following medical conditions: chronic regional pain

syndrome, ("CRPS"); high blood pressure; depression; headaches; and high cholesterol.

The plaintiff has essentially raised one argument in her objections to Judge Arbuckle's report which finds that substantial evidence supports the ALJ's decision that plaintiff can perform a limited range of light work with limitations to account for her physical impairments, and that she was not disabled.

Specifically, the plaintiff argues that the report erred since substantial evidence does not support the ALJ's determination regarding her statements, her subjective complaints, and her alleged symptoms, particularly related to her CRPS. The plaintiff also contends that both the ALJ and Judge Arbuckle failed to consider that her household tasks are less stressful and allow flexibility for breaks and that it was error for them to infer she had the ability to handle the stress demands of "competitive, remunerative employment on a sustained basis." The plaintiff points out that unlike a work setting, at home she is able "to stop when needed and to postpone activities due to her symptoms and this is not possible in a typical full-time employment position."

Judge Arbuckle thoroughly discussed the ALJ's findings with respect to the evaluation of the plaintiff's statements and subjective allegations,

- 3 -

including her symptoms related to CRPS, as required by SSR 03-2p, and explained why they were consistent with the evidence in the record taken as a whole. The record shows the ALJ found that the plaintiff's CRPS constituted a severe impairment and then included her chronic pain in determining her RFC. (Doc. 14-2 at 16-27). Further, the report addressed the plaintiff's instant objections alleging that the ALJ placed too much weight on her ability to perform a wide range of daily activities, and found that the ALJ did not err in considering this evidence in determining the severity of the plaintiff's symptoms. In short, as the report concludes, the ALJ properly considered the plaintiff's subjective complaints to the extent that they could "reasonably be accepted as consistent with the medical evidence and other evidence" in the record. *See* 20 C.F.R. §§404.1529(a), 416.929(a) (Doc. 20 at 20-23). *See* Miller v. Comm'r of Soc. Sec., 2021 WL 3137439, at *3 (3d Cir. July 26, 2021) (holding that plaintiff's ability to perform "matters of personal care, do laundry, and babysit a one-year-old child" were not "sporadic" activities, and were "appropriately indicative of how her pain affects her daily activities and ability to work.").

The court has reviewed the evidence of record and finds no clear error with regard to Judge Arbuckle's findings, including the ones he made on the stated issue. Moreover, the court agrees with the sound reasoning that led

Judge Arbuckle to the conclusions in his report. As such, the court will adopt the report and recommendation of Judge Arbuckle as the decision of the court.

In light of the foregoing, **IT IS HEREBY ORDERED THAT:**

(1) The plaintiff's objections to the report and recommendation of Judge Arbuckle, **(Doc. 21)**, are **OVERRULED**.

(2) The report and recommendation of Judge Arbuckle, **(Doc. 20)**, is **ADOPTED IN ITS ENTIRETY**, as the ruling of the court.

(3) The plaintiff's appeal, **(Doc. 1)**, of the Commissioner's final decision is **DENIED**.

(4) The Clerk of Court is directed to **CLOSE THIS CASE**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: September 27, 2022**
21-581-01